IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ONYSHKO, JR. | ) | No. |
| Plaintiff | ) | |
| vs. | ) | |
| COUNTY OF ALLEGHENY | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

# **CIVIL COMPLAINT**

Plaintiff, David Onyshko, Jr., herein after ("Onyshko"), by undersigned counsel brings this action seeking legal and equitable relief and in support alleges the following:

## **JURISDICTION**

1. The Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(t)(l); 42 U.S.C. §1981A and 28 U.S.C. §1331.

2. Plaintiff has satisfied all administrative prerequisites to suit under Title VII because:

   a. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and cross-filed with the Pennsylvania Human Relations Commission.

   b. The EEOC issued a Notice of Right to Sue.

   c. This Complaint is filed within 90 days of receipt of that notice.

   d. Or, Plaintiff is entitled to piggyback on the Complaint filed <u>Barone et al v. Allegheny County</u>(2:23-cv-01691), as originally filed.

   e. Or, in the alternative, Plaintiff is excused from filing with the EEOC

1

    and/or the PHRC because Defendant terminated other employees for similar reasons at the same time Defendant terminated Plaintiff's employment. Because some of those employees filed charges with the EEOC and the PHRC, Plaintiff may piggyback their claims alleged in this lawsuit pursuant to the single-filing rule.

   f. In the alternative, Plaintiff is entitled to an exemption or exception because their claims arise "out of" or are "reasonably related" to claims that similarly situated Plaintiffs previously filed with the EEOC and/or the PHRC.

   g. Defendants clearly knew that all Plaintiffs who filed for a religious exemption which was wrongfully denied were adequate put Defendant on notice that Defendants' vaccine mandate would be challenged as a violation of Title VII and/or the ADA.

## THE PARTIES

3. Mr. Onyshko worked for Defendant, until 2021 at the Allegheny County Jail. He began his employment with Defendant in 2008 and was fired on December 2, 2021.

4. Defendant, County of Allegheny has a business address of 920 City-County Building, 414 Grant Street Pittsburgh PA 15219. Defendant regularly conducts business in Pennsylvania. At all times relevant hereto, it was Onyshko's employer and was an Employer, within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b).

## FACTUAL BACKGROUND

5. Mr. Onyshko is a life-long devout Christian. He has been active in his local church for many years. The Defendant accepted his religious belief as being sincerely held and never once questioned his faith or opposition to the Covid-19 vaccine.

6. In response to the Covid-19 vaccine mandate, Plaintiff submitted a religious exemption. In his exemption request, he informed Defendant that he believes that his body is a holy temple of the Holy Spirit and that being vaccinated would entail going against his convictions

and the commands of God. Plaintiff, also based upon his Christian beliefs does not believe in abortion. All of the three available vaccines used fetal cells in the creation and/or testing and/or manufacturing which is against his religion.

7. At no time did Defendant ever engage in any interactive process with Plaintiff to determine whether there existed any reasonable accommodations for his sincerely held religious beliefs. It is believed and therefore averred that the Defendant never had any intention of granting Plaintiff's religious exemption. Rather, the Defendant's intention was to deny all or as many exemptions as possible and force all of its workforce to be vaccinated. Defendant simply manufactured a sham exemption procedure, pretended to listen at Plaintiff's Loudermill hearing then sent a template, fill-in the blank letter denying his exemption.

8. Mr. Onyshko also has a sincerely held religious belief that every child's life is sacred because they are made in the image of God. *See Genesis* 1:26-27 (NABRE).

9. It is believed and therefore averred that Defendant had supplied Plaintiff with reasonable accommodations in the form of personal protection equipment, social distancing and/or sanitizing throughout the pandemic. In addition, weekly testing was required. These reasonable accommodations suddenly became an undue hardship when the vaccine mandate was put into place on December 1, 2021. Defendant does not require visitors and/or inmates in its facility to be vaccinated.

10. Respondent was allowed to continue to work until December 6, 2021. On that day, Defendant informed Plaintiff that he was immediately terminated. His termination was solely due to his unvaccinated status. Defendant perceived Plaintiff as disabled due to his

unvaccinated status.

11.     Plaintiff offered to continue to use the reasonable accommodations listed above in lieu of getting the Covid 19 vaccine. Defendant ignored his requests and he was terminated.

12.     Defendant never challenged the sincerity or validity of Plaintiff's sincerely held religious beliefs. At no time did the Defendant engage in the interactive process to question his beliefs against the vaccine. Rather, Defendant simply admitted by silence or acquiesce that Plaintiffs belief were sincerely held. Defendant has waived the right to challenge the sincerity or validity of Plaintiff's religiously held belief against the vaccination.

13.     Defendant's sole reason given for denying Plaintiff's religious exemption was it would create an undue hardship on Allegheny County.

14.     It is believed and therefore averred, that Defendant engaged in a policy of a blanket denial of all requests for religious and/or medical exemptions and instead claiming undue hardship as Defendant's goal was to seek 100% vaccination of all its employees and to purge its payroll of the unvaccinated for Defendant's financial gain.

15.     Mr. Onyshko had a sincerely held religious belief that his body is a temple of the Holy Spirit, and that to inject medical products that have any connection whatsoever to aborted fetal cell lines would be defiling the temple of the Holy Spirit. *(See 1 Corinthians* 6: 15-20).

16.     Mr. Onyshko requested that the wearing of a mask and his consent to submit to Covid-19 testing at any time, be approved as a reasonable accommodation to receiving the Covid-19 vaccines because of strongly held religious belief precluding the imposition of the vaccines.

17.     The aforesaid accommodations were reasonable because, *inter alia,* the OSHA

rules regarding workplace vaccine mandates provided those precise accommodations for employees whose sincerely held religious beliefs precluding imposition of Covid-19 vaccination. *See* 29 C.F.R. §§1910.501(g);and 1910.501(1)(1) *See also* 86 Fed. Reg. No. 212 at 61552-53 (Nov. 5, 2021)(noting wearing face covering and/or testing is acceptable accommodation as matter of law); *id.,* at 61553 (noting testing acceptable accommodation for religious objection as matter of law).

18. Despite Onyshko's request for accommodation of his sincerely held religious belief, Defendant refused to accommodate Onyshko.

19. Defendant failed to engage in the interactive process with Plaintiff.

20. Defendant did not offer an alternative accommodation to Onyshko's requests other than discharge.

21. Rather, in a letter of, Defendant simply fired Onyshko because the accommodation would cause an undue hardship.

## COUNT I

## TITLE VII DISCRIMINATION, RETALIATION, WRONGFUL DISCHARGE

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

23. Defendant fired Onyshko because of his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-(j), and 2000e-2(a)(1).

24. Defendant failed and refused to reasonably accommodate Onyshko's religious observances and/or practices, in violation of Title VII.

25. As a direct result of Defendant's violation of Title VII, Onyshko has lost wages and

other economic benefits of his employment with Defendant, in addition to suffering emotional distress, depression, inconvenience and humiliation.

26. Defendant's policy of denying all exemptions and instead forcing its will upon Defendant to get the vaccine against his religious beliefs is blatant discrimination and retaliation for exercising his religious beliefs.

**WHEREFORE**, Mr. Onyshko requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b. That Defendant be ordered to reinstate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grants Onyshko additional relief as may be just and proper.

**COUNT II**

6

## **RELIGIOUS DISCRIMINATION PURSUANT TO PHRA**

27. The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

28. Plaintiff is a member of protected class pursuant to the PHRA, in that he had sincerely held religious beliefs that were ignored by Defendant. Defendant failed to engage in any meaningful interactive process and failed to offer any reasonable accommodations.

29. At all times relevant hereto, Plaintiff satisfactorily performed all of his job duties.

30. Defendant terminated Plaintiff because of his religious beliefs when it failed to accommodate his sincerely-held religious beliefs resulting in the damages as set forth more fully hereinabove.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and direct Defendant to:

(a) Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, reinstatement and any and all other pecuniary damages for violation of their rights and for the injuries they has suffered as a result of Defendant's conduct;

(b) Award Plaintiff pre-judgment and post-judgment interest;

(c) Award Plaintiff the costs of this action, including reasonable attorney's fees and reasonable expert witness fees; and

(d) Award any such further relief as this Court may deem, just, proper and equitable and as permitted under 43 P.S. §951 *et seq.*

Respectfully submitted,

The Welsh Law Group, LLC

_____
James L. Welsh, III
PA I.D. #58790
Counsel for Plaintiff